STATE, EX REL. HENRY C. BITTENBENDER ET AL., APPELLANT, v. EXCISE BOARD OF CITY OF LINCOLN, APPELLEE.

FILED DECEMBER 18, 1914.  No. 18,719.

Intoxicating Liquors: PROHIBITION OF SALE: REPEAL OF STATUTE. The act of the territorial legislature of 1855 (laws 1855, p. 158) prohibiting the manufacture and sale of intoxicating liquors was repealed by the legislative act of 1858 (laws 1858, p. 256).

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*Henry C. Bittenbender* and *Ada M. Bittenbender,* for appellant.

*Fred C. Foster* and *D. H. McClenahan, contra.*

BARNES, J.

An application was presented to the district court for Lancaster county for a peremptory writ of mandamus to compel the excise board of the city of Lincoln to adopt rules prohibiting the manufacture and sale of malt, spirituous and vinous liquors in said city, except for mechanical and medicinal purposes. An alternative writ was allowed, which contained, among other things, the allegation that the act of the territorial legislature of 1855 prohibiting the manufacture and sale of such liquors had never been repealed and was in full force and effect. The respondents demurred to the alternative writ, the demurrer was sustained, the action was dismissed, and the relators have brought the case here by an appeal.

It appears that the territorial legislature, at its session of 1855, passed an act (laws 1855, p. 158) to prevent the sale or manufacture of intoxicating liquors. By section 1 of that act it was provided: "That from and after the first day of April, A. D. one thousand eight hundred fifty-five, it shall not be lawful for any person to manufacture, or give away, sell, or in any way, or by any manner of subterfuge, traffic, trade, exchange, or otherwise dispose of any intoxicating liquors within this territory, to be used as a beverage." By section 2 it was provided: "The places commonly known as 'dram shops' are hereby prohibited and declared public nuisances, and their establishment shall be presumptive evidence of a sale of intoxicating liquor within the provisions of the foregoing section." Section 3 provided: "The establishment or the keeping of a place of any description whatever, and whether within or without a building, coming within the spirit and intent of this act, and the establishment, or the keeping a place of

State, ex rel. Bittenbender, v. Excise Board of City of Lincoln.

any description where other persons are accustomed to re-sort, providing their own liquors, of the prohibitory character purchased elsewhere, and drinking same there, shall be taken to be within the meaning of this act." The remainder of the act provided suitable penalties for its violation.

It is the contention of the relators that this act, which was approved March 16, 1855, is still in full force, and therefore it is the duty of the excise board to provide rules for carrying the same into effect. It appears, however, that the territorial legislature, at its session of 1858, passed an act entitled "An act to-license and regulate the sale of malt, spirituous and vinous liquors in the territory of Nebraska." Laws 1858, p. 256. We find from an examination of that act, which was approved November 4, 1858, that it is complete in itself; that it disposes of the whole subject relating to the sale of such liquors. It provides, in substance, that the county commissioners of any county in the territory may at any regular session grant and issue a license for the sale of malt, spirituous and vinous liquors to any person or persons who shall comply with its conditions. It provides that the applicant for a license shall file with the county clerk the petition of at least 10 freeholders of the township in which he resides, signed and attested before a justice of the peace or other competent officer, setting forth that the applicant for a license is a man of respectable character and standing, and a resident of this territory, and praying that a license may issue to him. It further provides that the applicant shall at the same time file with the county clerk his bond to the county in the sum of not less than $500 nor more than $5,000, with a good and sufficient security to be approved by the county commissioners, conditioned that during the continuance of his license he will not keep a disorderly house; that he will not allow gambling with cards, dice or any other implements or devices used in gambling within his house, or within any outhouse, yard or other premises under his control. It provides for the payment of all damages, fines and forfeitures which may be adjudged against

424     NEBRASKA REPORTS.     [Vol. 97

State, ex rel. Bittenbender, v. Excise Board of City of Lincoln.

him under its provisions. It provides that the applicant shall pay into the county treasury for the use of the school fund to be distributed as other moneys a sum not less than $25 nor more than $500, at the discretion of the county commissioners, and shall file the treasurer's receipt therefor in duplicate with the county clerk before such license shall be issued; and suitable penalties are provided for selling without such license. The act further provides that any person or persons so licensed who shall sell any intoxicating liquor to an Indian, insane person, or idiot shall be fined, etc.; and that the person or persons so licensed shall pay all damages that the community or individuals may sustain in consequence of such traffic; that he shall support all paupers, widows, and orphans, and shall be liable for the expense of all civil and criminal prosecutions growing out of or justly attributable to his *retail traffic in intoxicating drinks*; that it shall be lawful for any married woman or other person at her request to maintain an action on the bond above mentioned for all damages sustained by herself and children on account of such traffic, and the money when collected shall be paid over for the use of herself and children; that, when any person shall become a county or city charge by reason of *intemperance*, a suit may be instituted by proper authorities on the bond of any person licensed under the act who may have been in the habit of selling or giving intoxicating liquor to the person so becoming a public charge.

Without further description of the provisions of the act, it may be said to contain a complete course of procedure relating to the sale of intoxicating liquors, and provides penalties for sales made without a license, and concludes as follows: "Section 16. All acts or parts of acts now in force coming in conflict with the provisions of this act are hereby repealed; except, 'An act to prevent the use of intoxicating liquors among the Indians or half-breeds in this territory,' approved January 26, 1856. Section 17. This act to take effect and be in force from and after its passage. Approved November 4, 1858."

It is a matter of common knowledge that the act of 1858 was immediately treated as a repeal of the prohibitory act of 1855, and from the date of its passage to the present time the municipal authorities, the legislature, the courts, and the people of the state have acquiesced in the licensed sale of intoxicating liquors. The act of 1858 has been several times amended, and the legislature of 1881 (laws 1881, ch. 61) adopted what is called the "Slocumb Law," which contains the provisions of the act of 1858, and the Slocumb act, as amended, is now chapter 40, Rev. St. 1913. That law, in effect, provides for local option, and thereby the sale of intoxicating liquors may be prohibited in any municipality where prohibition is desired by a majority of the people. This court has repeatedly construed the provisions of chapter 40, Rev. St. 1913, as authorizing the licensing and sale of intoxicating liquors as a beverage. *Barrett v. Rickard,* 85 Neb. 769; *Luther v. State,* 83 Neb. 455. This construction, after having been acquiesced in for more than 40 years, should be adhered to. *Franklin v. Kelley,* 2 Neb. 79.

Again, it is our opinion that the act of 1858 directly repealed the prohibitory act of 1855. Relators, in their able and exhaustive brief, conceded that all of the provisions of that act, except those contained in sections 1 and 2, were repealed, but insist that those sections are unrepealed and are in full force. We are unable to sustain this contention. The act of 1855 amounted to absolute prohibition, while the act of 1858 provided for the licensing and sale of intoxicating liquors. The last mentioned act was comprehensive in its terms, and disposed of the whole subject relating to the sale of intoxicating liquors. It in terms repealed all acts or parts of acts then in force in conflict with its provisions, except the act prohibiting the sale of intoxicating liquors to Indians and half-breeds. Every part of the act of 1855 was in direct conflict with the provisions of the act of 1858, and all of its provisions were repealed.

It may be observed that at the time this legislation was enacted the territorial legislature was not restricted

by any constitutional provisions relating to titles to acts, or. to any particular form of repealing clauses.

It follows that the judgment of the district court was right, and it is

AFFIRMED.